42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rahman LONG, Plaintiff-Appellant,
v.
Tom HOLDEN, et al., Defendants-Appellees.
 No. 94-3128.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 Before: MERRITT, Chief Judge, KEITH and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio litigant appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983 and 2000e. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking two hundred million dollars in damages and injunctive relief, Rahman Long (aka Rhaman Long Ronnie) sued WKBN-TV Channel 27, in Youngstown, Ohio, and twelve local and network television news broadcasters. Long claimed that his civil rights were violated by five television broadcasts in which certain broadcasters used his name in connection with a discussion about sodomy or directly accused him of engaging in sodomy.
 
 
 3
 The district court dismissed the complaint for lack of federal subject matter jurisdiction. Long appeals from that judgment.
 
 
 4
 The court reviews de novo the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Ang v. Proctor & Gamble Co., 932 F.2d 540, 544 (6th Cir.1991); Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990). The plaintiff has the burden of establishing jurisdiction after defendants adequately challenge subject matter jurisdiction by a motion to dismiss. See Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). Here, Long simply cannot establish federal civil rights subject matter jurisdiction.
 
 
 5
 Long does not cite to any federal right on which he bases his case against the defendants. At best, Long claimed that he was defamed. However, defamation alone does not create a federal cause of action. Siegert v. Gilley, 500 U.S. 226, 233 (1991). Unless a deprivation of some federal constitutional or statutory right has occurred, Sec. 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate. Lewellen v. Metropolitan Government, 34 F.3d 345, 347 (6th Cir.1994). See also Albright v. Oliver, 114 S.Ct. 807, 811 (1994).
 
 
 6
 Similarly, Long did not establish subject matter jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, because he did not allege that the defendants engaged in discriminatory employment practices. A Title VII plaintiff satisfies the prerequisites to an employment discrimination action by 1) filing a timely charge of employment discrimination with the EEOC and 2) receiving and acting upon the EEOC's statutory notice of the right to sue. 42 U.S.C. Sec. 2000e-5(f)(1); Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486 (6th Cir.1989). In Long's case, he did not allege that defendants had anything to do with his employment, caused his unemployment, or hindered his efforts to find a new job. Moreover, Long did not allege that he satisfied the statutory prerequisites by filing charges with the Equal Employment Opportunity Commission and receiving a right-to-sue letter.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.